## SARAH W. HALE *vs.* DANIEL SILLOWAY.

The demandant in a real action, after introducing evidence of his own title, may put in a deed which describes the demanded premises as the demandant's land, and which was executed to the tenant by the grantor's attorney, without proving the attorney's authority to execute it, if it appears that the tenant has put the deed upon record and claimed under it.

The demandant may also put in a deed to the tenant which refers to another deed for a description of the granted premises, and which other deed describes the demanded premises as the demandant's land.

Where an adverse possession of twenty years is relied upon by the tenant, it is competent to show by contemporaneous declarations of those whose possession is relied upon, and by their payment of rent to the demandant's predecessor, that their possession was not adverse. And if the possession relied upon is traced through executors who held for the benefit of heirs, the admissions of the heirs to the same effect are competent.

Declarations can be proved only by evidence of the language used or its substance.

WRIT OF ENTRY, to recover a parcel of land in Newburyport. Plea, *nul disseisin* as to a part of the premises, and a disclaimer as to the residue. At the trial in the superior court, before *Ames*, J., the verdict was for the demandant, and the tenant alleged exceptions. The material facts appear in the opinion.

*E. F. Stone*, for the demandant.

*S. B. Ives, Jr.*, for the tenant.

CHAPMAN, J. The demandant, having traced her title to that of Moses Brown, who held under a deed from William Watkins, made in 1805, proceeded to offer evidence affecting the tenant's title. For the purpose of proving that the tenant had accepted a conveyance of land bounding on the demanded premises but not including them, she offered a certified copy of a deed to the tenant, made by Angier M. Perkins, by his attorney E. Wheelwright, dated in 1851. This deed bounds northeasterly and northwesterly by land of the demandant. The tenant objected to the admissibility of this deed on the ground that there was no evidence that the attorney who executed it had authority to do so. But the court ruled that if the tenant claimed under the deed, had it put on record, and received it from the registry, no express evidence of authority to the attorney was requisite. The ruling is too plainly right to need discussion. The question was not whether the tenant obtained a

good title under the deed, but what he did with it; and his acts in respect to it would be none the less binding on him if it could be shown that the attorney had no authority to execute it.

The tenant further objected to the competency of the deed for any purpose; but the court ruled that it was competent as having a tendency to show that the tenant purchased land bounded by the demanded premises but not including any part of the same. The acceptance of a deed bounded by the premises, and describing them as the demandant's land, is too clearly pertinent to admit a doubt. It has some force as a recognition of the demandant's title; and such a recognition by a party is certainly evidence against him.

The demandant also put in evidence a deed from herself to Angier M. Perkins, executed in 1840, conveying a lot bounded by the demanded premises, and speaking of them as her land. Also a deed of the same lot by Angier M. Perkins to the tenant in 1851, referring to the demandant's deed for a description of the lot, which was objected to, but properly admitted on the same ground with the deed first mentioned.

The tenant then attempted to establish a title in himself by disseisin. A part of his evidence on this point was, that Abraham Perkins died in 1837 or 1838; that his estate remained unsettled till 1851, when Isaac Ames, administrator of the estate *de bonis non,* under a license to sell the real estate for the payment of debts, sold the premises to the tenant, who has been in possession ever since; and that between the decease of Perkins and his purchase the executors of Perkins had held and rented the premises for the benefit of those interested in the estate. He thus relied on the adverse possession of the executors for a period of thirteen or fourteen years. Their acts being thus relied upon, it was proper to show by their declarations that the possession was not adverse, but was under the title of Bannister, the demandant's predecessor, and to show this by the payment of rent to him. And the admission of the heirs for whose benefit the disseisin was made, if made at all, was equally competent. These declarations were part of the *res gestæ.*

But declarations can be proved only by proof of the language or its substance. The evidence admitted went beyond this; and the witness was permitted to state what the family understanding was in respect to the title and possession. This evidence was inadmissible. It is not allowable for a witness to state what other people understood. For this reason the verdict must be set aside.

This result makes it unnecessary to determine whether the verdict is sufficiently definite to be sustained. Undoubtedly it ought to have been so prepared as to be free from any reasonable doubt; but if the demandant shall obtain another verdict, he will have an opportunity to relieve his case from any difficulty in this respect.  *Exceptions sustained.*